# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1288-17T3

NEW JERSEY DEPARTMENT
OF CHILDREN AND
FAMILIES, DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

      Petitioner-Respondent,

v.

N.C. and D.C.,

      Respondents-Appellants.

_____

Submitted September 18, 2018 – Decided November 27, 2018

Before Judges Suter and Firko.

On appeal from the Department of Children and Families, Division of Child Protection and Permanency, Case No. 17221326.

Williams Law Group, LLC, attorneys for appellants (Allison C. Williams, of counsel and on the brief; Melissa R. Barrella, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sara M. Gregory, Deputy Attorney General, on the brief).

PER CURIAM

Defendants D.C. (Doug),[1] and his wife, N.C. (Nancy), appeal from the September 28, 2017 decisions by the Division of Child Protection and Permanency (the Division) that child abuse and neglect allegations made in July 2017 were "not established." We reverse the decisions because the Division's "not established," findings lacked fair support in the record. However, with respect to the "not established" finding about child abuse against Doug involving excessive physical discipline, we remand that issue to the Division for review and to make specific factual findings to support its determination under N.J.A.C. 3A:10-7.3(c)(1) to (4).

B.C. (Beth) was ten-months old when in July 2017, the Division opened a "spin-off" investigation for child abuse and neglect because Doug's nine-year old daughter from another relationship, K.C. (Kim), complained to her mother that Doug struck her with a belt, leaving marks. Doug had custody of Kim. A Division caseworker interviewed Doug, Nancy and her brother, S.B. (Sam), who resided with them. She examined Beth for any marks or bruises, but found none. Beth was "appropriately cared for," and "well dressed and groomed." The

---

[1] Pursuant to Rule 1:38-3(d)(12), we use initials to protect the confidentiality of the participants in these proceedings.

caseworker "redirect[ed]" Doug whenever he wanted to discuss the allegations about Kim, explaining she was there to discuss Beth and could not discuss Kim. She said the "Hudson County Prosecutor's Office [advised her] not to discuss [Kim's] case with [Doug] until he is interviewed by their office." Another caseworker was handling the allegations involving Kim.

Both Doug and Nancy told the caseworker about a domestic violence incident in February 2017, which had become physical between them and resulted in their arrests. Beth was asleep upstairs in her crib at the time. The charges were dismissed by the next month. Nancy described the incident as "dumb."

Doug was diagnosed with post-traumatic stress disorder (PTSD) "related to his service in the Iraq War and later in police work," and received a disability pension. The staff psychiatrist at the Veterans Administration confirmed Doug had been compliant with medication monitoring since 2016; he was not a danger to himself or others. After the domestic violence incident, Doug began weekly counseling. Nancy told the caseworker there were "no issues" after that. Doug's counselor and psychologist sent letters to the Division stating he was not a danger to himself or others and was compliant with treatment. Nancy's brother Sam, who occasionally babysat Beth, told the caseworker he did not have any

3

concerns about domestic violence in the home, or with Doug and Nancy's ability to parent or their mental health.

The Division found the allegations of "neglect due to family violence" against Doug and Nancy, and the allegations of "physical abuse due to risk of harm" against Doug were "not established" regarding Beth. The Division's report concluded,

> [t]hough [Beth] did not have any marks or bruises on her, her half-sister [Kim] was hit with a belt repeatedly on her backside leaving excessive bruising. Additionally both [Doug and Nancy] acknowledge that a domestic violence incident occurred between them in February 2017 while [Beth] slept in her crib. Therefore, there is not a preponderance of the evidence that abuse and neglect occurred, but there is evidence that [Beth] was placed at risk of harm by [Doug and Nancy] engaging in physical violence, and [Doug] using excessive physical discipline.[2]

The Division sent letters to Doug and Nancy on September 28, 2017, advising the allegations of abuse and neglect were "not established." This meant that "some evidence indicate[d] that a child was harmed or placed at some risk of harm, but there [was] not a preponderance of the evidence that the child ha[d] been abused or neglected." Further information from its investigation could not

---

[2] There was no evidence of any physical discipline of Beth by Doug, Nancy or Sam. This reference is to the allegations regarding Kim.

A-1288-17T3

be "disclosed by the Division except as permitted by N.J.S.A. 9:6-8.10a," but the Division's "record of the incident" would be maintained in its files. The "not established" finding was not subject to an administrative appeal.

Doug and Nancy appeal the September 28, 2017 decisions, arguing the Division's "not established" finding was a final agency decision that was arbitrary, capricious and unreasonable because there was insufficient evidence that Beth was harmed or placed at risk of harm. They ask us to vacate the Division's "not established" finding and to enter a finding of "unfounded," or in the alternative, to remand the matter for an administrative hearing.

The scope of our review in an appeal from an administrative agency decision is limited. Russo v. Bd. of Trs., Police & Fireman's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). The agency's decision should be upheld unless there is a "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). We are not, however, bound by the "agency's interpretation of a statute or its determination of a strictly legal issue." Ibid. (quoting Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

The Division is the agency charged with investigating child abuse and neglect. The Division's regulations allow for four types of findings. See

N.J.A.C. 3A:10-7.3(c)(1) to (4). Two of these, "substantiated" and "established," require a finding of child abuse under N.J.S.A. 9:6-8.21(c). N.J.A.C. 3A:10-7.3(c)(1) to (2). The other two findings, "not established" and "unfounded," are made when the investigation does not indicate child abuse under the statute. N.J.A.C. 3A:10-7.3(c)(3) to (4). A finding of "not established" occurs when "there is not a preponderance of the evidence indicating that a child is an abused or neglected child as defined in N.J.S.A. 9:6-8.21, but evidence indicates that the child was harmed or was placed at risk or harm." N.J.A.C. 3A:10-7.3(c)(3).[3]

There is no right to an administrative hearing where the Division's finding is "not established." Dep't of Children & Families v. D.B., 443 N.J. Super. 431, 442 (App. Div. 2015). A finding of "not established" is considered purely investigatory in nature, not adjudicatory. See N.J. Dep't of Children & Families, Institutional Abuse Investigation Unit v. S.P., 402 N.J. Super. 255, 270 (App. Div. 2008). Because the Division's regulations do not permit an administrative hearing for a "not established" finding, we "deem it a final decision subject to

_____

[3] "A parent is completely cleared of wrongdoing only if the allegation is 'unfounded'" meaning that the evidence did not show the child was "harmed or placed at risk of harm." N.J. Dept. of Children & Families v. R.R., 454 N.J. Super. 37, 40 (App. Div. 2018) (quoting N.J.A.C. 3A:10-7.3(c)(4)).

appellate review under Rule 2:2-3(a)(2)." R.R., 454 N.J. Super. at 40 n.3. For a "not established" finding, "the evidence that a child was not abused or neglected must be at least equal to or greater than the evidence the child was abused or neglected." Id. at 41.

No party contends there was a preponderance of evidence that Beth was abused or neglected. However, a "not established" finding is "'based on some evidence, though not necessarily a preponderance of evidence, that a child was harmed or placed at risk of harm.'" Ibid. (quoting 45 N.J.R. 738(a)). "[A] child 'at risk of harm' may involve a lesser risk than the 'substantial risk of harm' or 'imminent danger' required to establish abuse or neglect under the statute." Id. at 42. The regulations contemplate that a "particular perpetrator" placed the child at risk of harm. Id. at 43. An allegation is "unfounded" if the "evidence indicates the alleged perpetrator did not harm the child or place the child at risk of harm." Ibid. (citing N.J.A.C. 3A:10-7.3(c)(4)).

There was no evidence Beth was harmed by Doug or Nancy. Beth had no marks or bruises. There was no evidence she was disciplined. She was well dressed, groomed and cared for. During the domestic violence incident, Beth was upstairs in her crib. The Division contends Beth was at risk of harm because both parents were arrested after the domestic violence incident. However, there

was another adult in the house, Sam, who could care for the child. There was no evidence he was unavailable.

There is nothing in this record about the domestic violence incident other than what Doug and Nancy explained. The evidence provided to us did not show that Beth saw or heard the incident. As such, the Division did not show the parties' conduct risked endangering Beth, either physically or emotionally. See N.J. Div. of Youth & Family Servs. v. S.S., 372 N.J. Super. 13, 22 (App. Div. 2004) (finding no abuse or neglect where, among other things, there was no evidence introduced "as a general matter" of a "causal relationship between witnessing domestic violence and emotional distress in the young").

After the incident, Doug received counseling. His counselor and doctor wrote to the Division advising Doug was not a risk to himself or others. The Division did not provide any services to the family to address domestic violence or Doug's PTSD.

The Division's "not established" finding against Doug also was based on its conclusion that Doug used "excessive physical discipline" because Beth's half-sister, Kim, "was hit with a belt repeatedly on her backside leaving excessive bruising." The appendix here included a Harrison Police Department report from July 31, 2017, about the incident; it reported the case was closed

and disposition finished on August 1, 2017. There were no other reports in the record about Doug's alleged use of excessive physical discipline. The caseworker would not discuss the allegations with Doug because another caseworker was handling that matter and she was told by the Hudson County Prosecutor not to discuss it.

The Division did not explain what it relied on for its conclusion about excessive physical discipline, other than that the allegation had been made. There is no evidence the Division obtained or reviewed any reports by the other caseworker about Kim or from the Hudson County Prosecutor's Office. We do not know what that office concluded about the allegations. The Division simply has not explained what evidence it relied on to conclude that Doug placed Beth at risk of harm, it did not present any factual findings about Kim or evidence that those fact findings, if any were made, applied to Beth. Its letters to Doug and Nancy only repeated the regulatory language without providing specific findings in support of its determination. We reverse the "not established" determinations against Doug and Nancy because the findings lacked support in the record.

The claim against Doug, however, involves an allegation of excessive physical discipline with a belt. Whether corporal punishment is excessive is a

A-1288-17T3

fact-sensitive inquiry.  See Dep't of Children & Families, Div. of Youth & Family Servs. v. K.A., 413 N.J. Super. 504, 510 (App. Div. 2010).  We are constrained to remand the Division's decision regarding Doug back to the agency, but only on the issue of excessive physical discipline.  The Division should review its existing investigation record about the physical abuse allegation in 2017 involving Kim.  It then should make specific factual findings regarding the "spin-off" investigation of child abuse against Beth to support its determination under N.J.A.C. 3A:10-7.3(c)(1) to (4).  Because there is nothing to indicate Nancy was involved in that matter, nor did the Division allege physical abuse by her, we do not remand any issue regarding Nancy to the Division.

Reversed with respect to the Division's "not established" finding against Nancy.  The Division shall deem the allegation to be "unfounded" and treat the records accordingly.  With respect to the Division's "not established" finding against Doug based on an allegation of excessive physical discipline, the issue is remanded. The Division's determination under N.J.A.C. 3A:10-7.3(c)(1) to (4) must be supported by specific factual findings.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1288-17T3